IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUBBLELAND TRADEMARKS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SPINCYCLE PLUS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Bubbleland Trademarks, LLC, by its undersigned counsel, Leland Grove Law LLC, as and for its Complaint against Defendant Spincycle Plus, Inc., alleges as follows.

### Nature of the Case

1. Plaintiff is the owner of nine federally registered service marks used in connection with the operation of "Bubbleland" branded laundromat facilities (the "Bubbleland Marks"). Defendant owns and operates a Bubbleland-branded laundromat business at 3901 S. Archer, Chicago, Illinois (the "Archer Store"), and it has used the Bubbleland Marks in connection with the operation of the Archer Store since approximately 2006. For at least ten years, between August 31, 2006 and August 31, 2016, Defendant used the Bubbleland Marks with the permission of Plaintiff's predecessor-in-interest, Bubbleland, L.L.C., pursuant to a Trademark License Agreement that terminated as of August 31, 2016 because Defendant failed to make a renewal payment thereunder.

2. In March 2018, Plaintiff acquired all rights, title and interest in the Bubbleland Marks from Bubbleland, L.L.C. and, shortly thereafter, sent Defendant a cease-and-desist notice demanding that Defendant either sign a new license agreement with Plaintiff or cease and desist

all use of the Bubbleland Marks. Despite the demand from Plaintiff, Defendant refused to sign a license agreement and refused to cease and desist using the Bubbleland Marks.

3. By this action, Plaintiff seeks to protect its established rights in the Bubbleland Marks, enjoin Defendant's unlawful and infringing conduct and recover compensatory and punitive damages for Defendant's unauthorized use of the marks.

## Parties, Personal Jurisdiction and Venue

4. Plaintiff is a Wyoming limited liability company with its principal place of business in Cheyenne, WY.

5. Defendant is an Illinois corporation with its principal place of business in Cook County, Illinois.

6. The Court has original jurisdiction over the claims alleged in Counts I and II of this action pursuant to 28 U.S.C. §1331 because they arise under the laws of the United States, and has supplemental jurisdiction over Count III pursuant to 28 U.S.C. §1367(a) because it is so related to the claims alleged in Counts I and II that it forms part of the same case or controversy.

7. The Court has personal jurisdiction over Defendant under the Illinois long-arm statute, 735 ILCS 5/2-209, because Defendant resides in this State, and this action arose out of Defendant's transaction of business and unlawful use of the Bubbleland Marks within this State.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## The Bubbleland Marks

9. Plaintiff is the owner of the Bubbleland Marks, which include each of the following service marks registered in the Principal Register of the United States Patent and Trademark Office ("USPTO"):

| *Mark* | *USPTO Reg. No.* |
|---|---|
| Bubble and circle design | 2267072 |
| Bubble boy with bubble background design | 2267066 |
| Clean is Good with smile design | 2289488 |
| Bubbleland with wave design | 2232981 |
| Bubble boy design | 2188585 |
| Bubbleluv | 2188584 |
| Stylized Bubbleland design | 2188583 |
| Stylized Bubbleluv design | 2188582 |
| Bubbleland | 2188523 |

10. Plaintiff acquired from Bubbleland, L.L.C. all right, title and interest in the Bubbleland Marks, together with all associated goodwill, effective as of March 16, 2018 pursuant to an Asset Purchase Agreement.

11. The Asset Purchase Agreement included, among other things, an assignment to Plaintiff of the federal registrations for all nine Bubbleland Marks. A copy of the Notice of Recordation of Assignment filed with the USPTO confirming the assignment of the Bubbleland Marks to Plaintiff is attached hereto as Exhibit A.

12. The Asset Purchase Agreement also included an assignment to Plaintiff of Bubbleland, L.L.C.'s rights and obligations under various license agreements with owners and operators of Bubbleland-branded facilities, including Defendant.

13. The Bubbleland Marks have been used in commerce continually and exclusively by Plaintiff and its predecessor-in-interest Bubbleland, L.L.C. in connection with the operation of Bubbleland-branded businesses and the services offered in connection therewith since approximately 1998.

14. At all times that Plaintiff and its predecessor licensed the Bubbleland Marks for use by licensees, Plaintiff and its predecessor, through monitoring and other means, maintained the quality and uniformity of the services being offered by licensees at Bubbleland-branded facilities.

15. Plaintiff is the sole and exclusive owner of the Bubbleland Marks and all rights and goodwill associated therewith.

**Defendant's Use of the Bubbleland Marks**

16. Defendant began using the Bubbleland Marks in or around August 2006 with the permission of Plaintiff's predecessor-in-interest Bubbleland, L.L.C. Effective as of August 31, 2006, Defendant entered into a Trademark License Agreement with Bubbleland, L.L.C. pursuant to which Bubbleland, L.L.C. granted to Defendant a non-exclusive, non-transferable license to use the Bubbleland Marks in connection with laundromat services provided by Defendant at the Archer Store, located at 3901 S. Archer, Chicago, Illinois. A true and correct copy of the Trademark License Agreement is attached hereto as Exhibit B.

17. The Trademark License Agreement provides, among other things:

    (a) "The Licensee [Defendant] acknowledges that Licensor owns the Licensed Trademarks and all rights therein and that nothing in this Agreement shall give the Licensee any right, title or interest in or to the Licensed Trademarks other than the rights expressly granted herein." (¶2.1.)

    (b) ". . . The Licensee agrees that it will not either during or after termination of this Agreement challenge the title of Licensor to the Licensed Trademarks, oppose any registration thereof, or challenge the validity of this Agreement or the license granted herein. . . ." (¶2.2.)

18. The Trademark License Agreement provides that it has an Initial Term of ten years and thereafter is continued for additional one-year Renewal Terms thereafter unless terminated by one of the parties. (¶4.1.)

19. Defendant terminated the Trademark License Agreement effective upon the conclusion of the Initial Term – i.e., on August 30, 2018 – by failing to pay the License Fee required under Paragraph 5.1 as a condition of commencement of the first Renewal Term.

20. By virtue of the foregoing, the Trademark License Agreement terminated as of August 30, 2016 upon conclusion of the Initial Term, and was not thereafter renewed.

21. Pursuant to the Asset Purchase Agreement, Plaintiff accepted an assignment of, and thereby acquired, all of Bubbleland, L.L.C.'s rights under the Trademark License Agreement.

22. On information and belief, throughout the term of the Trademark License Agreement, Defendant continually used the Bubbleland Marks in connection with the operation of its Archer Store in accordance with the terms of the agreement and with the permission of Bubbleland, L.L.C.

**Defendant's Refusal to Cease and Desist Use of the Marks**

23. After acquiring ownership of the Bubbleland Marks pursuant to the Asset Purchase Agreement, Plaintiff inspected the Archer Store and saw that Defendant had taken down the exterior Bubbleland signage, but was still using the Bubbleland Marks inside the store. Photographs depicting Defendant's use of the Bubbleland Marks inside the Archer Store are attached hereto as Exhibit C.

24. On July 19, 2018, Plaintiff's undersigned counsel called the owner and operator of the Archer Store, and Defendant's President, Kumjoo Kim, and told Mr. Kim that he must either remove all Bubbleland Marks from the interior of the Archer Store or sign a new license agreement with Plaintiff. Mr. Kim responded by asking Plaintiff's counsel to send a letter that he could forward to his attorney for review.

25. On July 23, 2018, Plaintiff sent Defendant a cease-and-desist letter via certified mail, return receipt requested (the "July 23 Letter"). Plaintiff's counsel received a returned green card confirming that the July 23 Letter was delivered. A true and correct copy of the July 23 Letter, together with all enclosures and the certified mail receipt and green card, is attached hereto as Exhibit D.

26. The July 23 Letter stated, among other things, that: Plaintiff was the owner of the Bubbleland Marks, having acquired all right, title and interest therein from the prior owner; Defendant's Trademark License Agreement with the prior owner expired on or about August 30, 2016 and was not renewed; and any continued use by Defendant was unauthorized and unlawful.

27. The July 23 Letter demanded, accordingly, that Defendant "immediately cease and desist" any and all use of the Bubbleland Marks, or, alternatively, return a signed copy of the enclosed new Trademark License Agreement (the "Proposed New License Agreement") authorizing Defendant to use the Bubbleland Marks.

28. On September 11, 2018, having received no response to the July 23 Letter, Plaintiff's undersigned counsel followed up with another phone call to Mr. Kim. On that call, Plaintiff's counsel repeated to Mr. Kim that, because Plaintiff was the owner of the Bubbleland Marks and Defendant's Trademark License Agreement had terminated, Defendant must either immediately cease and desist all use of the Bubbleland Marks, or sign the Proposed New License Agreement. Mr. Kim said he was not willing to do either, and added "see you in court."

**Willful Infringement**

29. Defendant's use of the Bubbleland Marks is unauthorized, unlawful and infringing of Plaintiff's rights.

6

30. Further, Defendant's infringing conduct, as alleged herein, has been willful and in bad faith. At all times, Defendant has known that Plaintiff and Plaintiff's predecessor-in-interest Bubbleland, L.L.C. were the sole and exclusive owners of the Bubbleland Marks, and that Defendant had no right, title or interest in the Bubbleland Marks except the limited license rights granted to Defendant under the Trademark License Agreement.

31. Despite knowing the Trademark License Agreement terminated, Defendant willfully and in bad faith continues to use the Bubbleland Marks.

32. When Plaintiff demanded that Defendant cease and desist its unlawful and infringing use of the Bubbleland Marks, Defendant refused.

### **Injunctive Relief**

33. If not enjoined, Defendant's conduct will continue to cause Plaintiff unquantifiable and irreparable harm.

34. Plaintiff has a clearly ascertained right to exclusive use of the Bubbleland Marks.

35. Plaintiff's right is in need of protection against Defendant's unlawful use of the Bubbleland Marks.

36. Plaintiff will suffer irreparable harm if Defendant's unlawful and infringing conduct is not enjoined.

37. Plaintiff lacks an adequate remedy at law for Defendant's unlawful and infringing conduct.

38. There is a likelihood that Plaintiff will succeed on the merits of the claims alleged herein.

39. A balancing of the equities favors enjoining Defendant's infringement.

**Plaintiff's Damages**

40. Plaintiff has suffered damages as a direct and proximate result of Defendant's unlawful conduct alleged herein including, without limitation, the loss of a reasonable license fee.

**Punitive Damages**

41. Punitive damages are warranted in this case because Defendant's unlawful and infringing conduct has been outrageous in that it was carried out with reckless indifference, willfully and with conscious disregard for Plaintiff's rights.

**COUNT I**
**Lanham Act, 15 U.S.C. §1114 – Infringement of Bubbleland Marks**

42. Plaintiff incorporates and re-alleges the allegations of Paragraphs 1 through 41, above, as Paragraph 42 of this Count I.

43. Defendant's conduct constitutes infringement in violation of 15 U.S.C. §1114.

44. The Bubbleland Marks are valid and protectable marks.

45. Defendant's use of the Bubbleland Marks is likely to cause confusion among consumers.

46. Likelihood of confusion exists as a matter of law where, as here, a licensee continues to use marks owned by the licensor after termination of the license.

47. Defendant's use of the Bubbleland Marks is not authorized.

48. The marks that Defendant is using at the Archer Store constitute "counterfeit marks" as defined by 15 U.S.C. §1116, because they are identical with, or substantially indistinguishable from Plaintiff's Bubbleland Marks, which are registered with the USPTO's principal register for use in connection with the same services for which Defendant uses the marks, and Defendant is not authorized to use the Bubbleland Marks.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order: (a) entering judgment in favor of Plaintiff and against Defendant; (b) granting appropriate preliminary and permanent injunctive relief prohibiting Defendant from using the Bubbleland Marks or any confusingly similar names or service marks and directing Defendant to remove and destroy all Bubbleland Marks and confusingly similar marks currently in use or in Defendant's possession; (c) awarding Plaintiff compensatory damages based on Defendant's profits during the period of Defendant's unauthorized use; (d) awarding Plaintiff treble damages, statutory damages and attorneys' fees pursuant to 15 U.S.C. §1117; (e) awarding Plaintiff punitive damages; (f) awarding Plaintiff its costs of suit; and (g) granting any such other and further relief as the Court deems just.

## COUNT II
### Lanham Act, 15 U.S.C. §1125 – False Endorsement

49. Plaintiff incorporates and re-alleges the allegations of Paragraphs 1 through 48, above, as Paragraph 49 of this Count II.

50. Defendant's conduct constitutes false endorsement in violation of 15 U.S.C. §1125.

51. Defendant's unauthorized use of Plaintiff's valid and protectable Bubbleland Marks and/or counterfeit marks is likely to cause confusion among consumers as to the origin of the services provided.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order: (a) entering judgment in favor of Plaintiff and against Defendant; (b) granting appropriate preliminary and permanent injunctive relief prohibiting Defendant from using the Bubbleland Marks or any confusingly similar names or service marks and directing Defendant to remove and destroy all Bubbleland Marks and confusingly similar marks currently in use or in Defendant's possession; (c) awarding Plaintiff compensatory damages based on Defendant's profits during the period of Defendant's unauthorized use; (d) awarding Plaintiff treble damages, statutory damages and

attorneys' fees pursuant to 15 U.S.C. §1117; (e) awarding Plaintiff punitive damages; (f) awarding Plaintiff its costs of suit; and (g) granting any such other and further relief as the Court deems just.

## COUNT III
### Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, et seq.

52. Plaintiff incorporates and re-alleges the allegations of Paragraphs 1 through 51, above, as Paragraph 52 of this Count III.

53. Defendant's conduct violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, et seq.

54. Defendant's unauthorized and infringing use of Plaintiff's valid and protectable Bubbleland Marks causes a likelihood of confusion as to the source, sponsorship, approval, or certification of the services being provided.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order: (a) entering judgment in favor of Plaintiff and against Defendant; (b) granting appropriate preliminary and permanent injunctive relief prohibiting Defendant from using the Bubbleland Marks or any confusingly similar names or service marks and directing Defendant to remove and destroy all Bubbleland Marks and confusingly similar marks currently in use or in Defendant's possession; (c) awarding Plaintiff compensatory damages based on Defendant's profits during the period of Defendant's unauthorized use; (d) awarding Plaintiff punitive damages; (e) awarding Plaintiff its attorneys' fees and costs of suit; and (f) granting any such other and further relief as the Court deems just.

Respectfully submitted,

BUBBLELAND TRADEMARKS, LLC

By: /s/ John F. Shonkwiler
      One of Its Attorneys

John F. Shonkwiler
*jshonkwiler@lelandgrovelaw.com*
Stacey M. Shonkwiler
*sshonkwiler@lelandgrovelaw.com*
LELAND GROVE LAW LLC
1032 Sterling Ave.
Flossmoor, Illinois 60422
(708) 794-0022